

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-13-2007

# Phillips v. Philadelphia

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4820

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Phillips v. Philadelphia" (2007). *2007 Decisions.* Paper 69.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/69

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 06-4820

_____

RALPH PHILLIPS,
 Appellant

v.

THE CITY OF PHILADELPHIA;
MCDONNELL, PHILADELPHIA POLICE OFFICER, BADGE #6475;
LAW, PHILADELPHIA POLICE OFFICER, BADGE #2734;
INDIVIDUALLY AND AS POLICE OFFICERS FOR THE
CITY OF PHILADELPHIA

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civil Action No. 05-cv-05348)
District Judge:  Hon. Legrome D. Davis

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 10, 2007

BEFORE:  RENDELL and STAPLETON,
*Circuit Judges*, and IRENAS, *District Judge**

(Opinion Filed December 13, 2007)

_____

*Hon. Joseph E. Irenas, Senior District Judge for the District of New Jersey, sitting by designation.

OPINION OF THE COURT

STAPLETON, Circuit Judge:

In this civil rights action, plaintiff/appellant Ralph Phillips alleges that the defendants/appellee law enforcement officers used excessive force when arresting him. Immediately prior to the commencement of trial, defendants moved to preclude Colleen McDermott from testifying. During the first day of trial, the District Court heard argument on the motion and instructed the parties to conduct a deposition of McDermott that evening. The next day, after completion of the deposition, the District Court granted the defendants' motion. The jury returned a verdict in favor of the defendants, and this appeal followed. Phillips raises one issue before us: whether the District Court committed reversible error by precluding McDermott's testimony.

For the reasons set forth in the thorough order and memorandum of the District Court dated November 29, 2006, we conclude that it did not abuse its discretion in barring McDermott's testimony. In contravention of the District Court's pre-trial orders, the existence of this eyewitness was not revealed by Phillips until the morning of trial. She lived across the street from Phillips' father's house, the house where he was arrested, and was well known to him, and he had no excuse for having earlier failed to discover and identify her as a potential witness. Finally, as the District Court found, permitting

2

McDermott to testify would have resulted in substantial prejudice:

> First, considering that this witness was identified for the first time to opposing counsel literally minutes before the start of trial, it is clear this late disclosure came as a great surprise to Defendants. Since Defendants knew nothing about the proposed witness, her background, or even what exactly her testimony was to be, her introduction on the first day of trial would have inured much prejudice to Defendants. Second, because of this complete lack of notice, it seems unlikely that Defendants could have, even by the second day of trial, conducted any meaningful investigation or additional discovery as may have been required to mitigate any of the prejudicial effect. Third, allowing Plaintiff's additional witness in the middle of trial would wreck havoc on the orderly and efficient trial of this case, as both parties have already presented their opening arguments and thus have committed to their respective theories of the case; to the extent Defendants may desire to alter their trial plan given Ms. McDermott's new testimony, they will be very limited in their ability to do so at this stage of trial.

Supp. App. at 5-6.

The judgment of the District Court will be affirmed.

3